1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   SHAWN DAMON BARTH,                  Case No. CV 15-01398 DMG (RAO)

12                    Petitioner,

13          v.                           **REPORT AND RECOMMENDATION**
                                         **OF UNITED STATES MAGISTRATE**
14   LACKNER, Warden,                    **JUDGE**

15                    Respondent.

16

17          This Report and Recommendation is submitted to the Honorable Dolly M.

18   Gee, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order

19   05–07 of the United States District Court for the Central District of California.

20   **I.    INTRODUCTION**

21          On February 17, 2015,[1] Shawn Damon Barth ("Petitioner"), a California state

22   prisoner proceeding *pro se*, filed a petition for writ of habeas corpus by a person in

23   state custody under 28 U.S.C. § 2254 ("Petition").  On August 3, 2015, Respondent

24   filed a motion to dismiss the Petition ("Motion") and lodged documents from the

25   state records.  On December 3, 2015, Petitioner filed an opposition ("Opposition")

26   _____

27   [1] Pursuant to the prisoner mailbox rule, the Court uses the date on which Petitioner
     signed the Petition (and presumably delivered it for mailing) as the filing date.  *See*
28   *Houston v. Lack,* 487 U.S. 266, 275-76, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

to the Motion.  For the reasons discussed below, it is recommended that the Motion be GRANTED and that the Petition be DISMISSED with prejudice.

## II.   PRIOR PROCEEDINGS

On May 10, 2011, Petitioner pled guilty in Ventura County Superior Court to aggravated sexual assault of a child under age 14 and continuous sexual abuse of a child, and admitted that each count involved substantial sexual conduct.  (Lodg. No. 1; Petition ("Pet.") at 2.[2])  Petitioner was sentenced to 15 years to life in state prison plus a concurrent 12-year term on June 28, 2011, and was ordered to pay $100,000 in direct victim restitution.  (*Id*.)  The California Court of Appeal affirmed on April 9, 2012.  (Lodg. No. 1.)  Petitioner did not file a petition for review of the Court of Appeal's decision in the California Supreme Court.  (Pet. at 3.)

On July 18, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in Ventura County Superior Court, which was denied on August 22, 2013, for failure to make a *prima facie* showing of entitlement to the relief sought, and with citation to *In re Clark*, 5 Cal. 4th 750 (1993).  (Lodg. Nos. 2-3.)

On September 16, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, which was denied on September 24, 2013, without comment or citation to authority.  (Lodg. Nos. 4-5.)

On November 22, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court, which was denied on February 26, 2014, with citations to *People v. Duval*, 9 Cal. 4th 464, 474 (1995), *In re Waltreus*, 62 Cal. 2d 218, 225 (1965), and *In re Swain*, 34 Cal. 2d 300, 304 (1949).  (Lodg. Nos. 6-7.)

Petitioner filed two subsequent habeas petitions in the California Supreme Court.  The first, filed January 26, 2015, was ordered withdrawn upon Petitioner's request on February 9, 2015.  (Lodg. Nos. 8-9.)  The second, filed February 24,

/ / /

---

[2] Any references to page numbers in the Petition are based on the sequential order in which they were submitted to the Court.

2015, was denied on June 10, 2015, with citations to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), and *In re Clark*, 5 Cal. 4th at 767-769.  (Lodg. Nos. 10-11.)

On February 17, 2015, Petitioner filed the instant Petition.  Petitioner raises eight grounds for federal habeas relief: (1) abuse of discretion by the trial court; (2) guilty plea induced by coercion and threats; (3) ineffective assistance of counsel for allowing Petitioner to enter a guilty plea; (4) ineffective assistance of counsel for failure to properly investigate; (5) prosecutorial misconduct; (6) actual innocence; (7) excessive fines; and (8) violation of plea bargain.  (*See* Pet. at 9-10, 261-1366.)

## III.   STANDARD OF REVIEW

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court…."  A motion to dismiss a habeas corpus petition is construed as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

## IV.   DISCUSSION

In the Motion, Respondent contends that the Petition is time-barred under the one-year period of limitation set forth in 28 U.S.C. § 2244(d).

### A.   Petitioner's Petition is Facially Untimely

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected amendments to the federal habeas statutes, applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions.  *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by, Calderon v. United States District Court (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998).   In creating a specific time limit, Congress desired to halt the unacceptable delay which

had developed in the federal habeas process. *Calderon v. United States District Court (Kelly III)*, 127 F.3d 782, 785 (9th Cir. 1997), *overruled in part on other grounds by*, *Kelly V*, 163 F.3d at 540.

### 1.   *Section 2244(d)(1)(A)*

Under AEDPA, as amended, state prisoners generally have one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file their federal habeas petitions. Because Petitioner did not file a petition for review in the California Supreme Court on direct review, under 28 U.S.C. § 2244(d)(1)(A), his conviction became final on May 9, 2012—40 days after the California Court of Appeal affirmed his conviction on April 9, 2012. *See Gonzalez v. Thaler,* --- U.S. ----, 132 S. Ct. 641, 654, 181 L. Ed. 2d 619 (2012); Cal. Rules of Court 8.387(b)(1), 8.500(e)(1).

Here, AEDPA's one-year limitation period started to run on May 10, 2012, and expired one year later. *See Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, because Petitioner did not file the instant Petition until February 26, 2015, it is untimely under § 2244(d)(1)(A).

### 2.   *Section 2244(d)(1)(B)*

Petitioner contends that the state impeded his filing of a petition for review in the California Supreme Court after he learned that the California Court of Appeal had affirmed his conviction and therefore that 28 U.S.C. § 2244(d)(1)(B)—which delays the start of the limitations period until "the date on which [an] impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"—applies here.

Section 2244(d)(1)(B) delays accrual of the limitations period when a petitioner shows a causal connection between a state impediment and an untimely petition. *Bryant v. Arizona Atty. General,* 499 F.3d 1056, 1059-60 (9th Cir. 2007). The petitioner must satisfy a "higher bar than that for equitable tolling" to qualify

4

for the relief provided under § 2244(d)(1)(B).  *Ramirez v. Yates,* 571 F.3d 993, 1000 (9th Cir. 2009).  Delayed accrual is warranted pursuant to § 2244(d)(1)(B) only if the state impediment prevents a petitioner "from presenting his claims in *any* form, to *any* court."  *Id.* at 1001 (citation omitted); *see also Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (section 2244(d)(1)(B) applies "when a petitioner has been impeded from *filing* a habeas petition").

Petitioner alleges that he attempted to mail a petition for review to the California Supreme Court on September 18, 2012, after the California Court of Appeal affirmed the trial court's judgment, but that prison officials at Richard J. Donovan Correctional Facility intentionally did not send it.  (Pet. at 13).  Petitioner further alleges that he did not become aware that the California Supreme Court did not receive his petition for review until April 2013.  (*Id.* at 15.)

As a threshold matter, the Court notes that Petitioner provides no evidence to support his claim of a state impediment.  Even if he had, however, delayed accrual under § 2244(d)(1)(B) is not warranted because Petitioner has not shown that a state impediment prevented the filing of a federal habeas petition.  *See Guerra v. Uribe*, 2014 WL 5493880, *4 (C.D. Cal. Aug. 8, 2014) (AEDPA provides a later commencement date for the limitations period when state action, in violation of the Constitution or federal laws, "impedes a petitioner's ability to file a *federal* habeas action") (emphasis added).  Rather, Petitioner claims that the state impeded his ability to file a petition for review in the California Supreme Court on direct review.

Furthermore, Petitioner fails to provide "a specific time-frame for when [the] state-created impediment to filing … was removed."  *Felix v. Baker*, 589 F. App'x 382, 383 (9th Cir. 2015).  Petitioner alleges only that he attempted to mail a petition for review to the California Supreme Court on September 18, 2012, and later learned, in April 2013, that it had never been received.  Even assuming, *arguendo*, that the prison officials intentionally did not mail Petitioner's petition for review— and that such an act could be sufficient to delay accrual under § 2244(d)(1)(B)—the

1  Court cannot determine from Petitioner's allegations at what point that state-created
2  impediment was removed.

3       Petitioner describes that he arrived at Richard J. Donovan Correctional
4  Facility on August 9, 2012, and stayed until August 25, 2014.  (Pet. at 14).  During
5  that time period, Petitioner filed—or attempted to file—four petitions in state court:
6  the September 18, 2012, petition for review which he claims was intentionally not
7  sent; the July 18, 2013, habeas petition in Ventura County Superior Court; the
8  September 24, 2013, habeas petition in the California Court of Appeal; and the
9  November 22, 2013, habeas petition in the California Supreme Court.  (Pet. at 3-4;
10  Lodg. Nos. 2, 4, 6.)  From the Petition, it appears that Petitioner only alleges that
11  the September 18, 2012, petition for review was impeded by the state.  Given that
12  Petitioner successfully filed three subsequent habeas petitions, the alleged
13  impediment must have been removed at some point before the filing of his July 18,
14  2013, state habeas petition.  Petitioner did not file his federal habeas petition until
15  February 26, 2015, approximately 19 months after removal of the alleged
16  impediment.

17       Finally, Petitioner complains that his appellate counsel "dropp[ed his] case
18  without filing the supreme court review [or] not notifying [him], by sending the
19  mail to the wrong institution."  (Pet. at 18-19.)  "Any supposed failures by
20  Petitioner's appellate counsel could not entitle Petitioner to delayed accrual …
21  [because §] 2244(b)(1)(B) requires a *state*-created impediment; the purported
22  actions or omissions of … counsel are not attributable to the state." *Ramos v.*
23  *People of the State of California*, 2015 WL 9450780, at *5 (C.D. Cal. Nov. 20,
24  2015) *report and recommendation adopted*, 2015 WL 9455555 (C.D. Cal. Dec. 23,
25  2015) (citations omitted).  Accordingly, Petitioner has failed to establish an
26  entitlement to delayed accrual under § 2244(d)(1)(B).

27       In sum, absent statutory or equitable tolling, the Petition is untimely.
28  / / /

6

**B.     Petitioner Is Not Entitled To Statutory Tolling**

AEDPA's statutory tolling provision suspends the limitations period while a "properly filed" application for post-conviction review, or other collateral review, is pending in a state court.  28 U.S.C. § 2244(d)(2); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005).  "[I]n order to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, the prisoner's state habeas petition must be constructively filed *before,* not after, the expiration of AEDPA's one-year limitations period."  *Johnson v. Lewis,* 310 F. Supp. 2d 1121, 1125 (C. D. Cal. 2004) (citing *Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001), *cert. denied,* 538 U.S. 949, 123 S. Ct. 1627, 155 L. Ed. 2d 492 (2003); *Green v. White,* 223 F.3d 1001, 1003 (9th Cir. 2000)).  If the petition is filed after the limitations period has expired, the petitioner is not entitled to statutory tolling.  *See Laws v. Lamarque,* 351 F.3d 919, 922 (9th Cir. 2003); *Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003).  Here, Petitioner filed his initial state habeas petition on July 18, 2013, approximately two months after AEDPA's statute of limitations expired on May 9, 2013.

Moreover, even if Petitioner had initiated the state habeas process before the limitations period expired, he would not be entitled to tolling for the period that his petitions were pending.  AEDPA suspends the limitations period while a "properly filed" application for post-conviction review is pending.  28 U.S.C. § 2244(d)(2). In denying his habeas petition, the Superior Court found that Petitioner had not established an entitlement to the relief sought, and cited *In re Clark*, 5 Cal. 4th 750. (Lodg. No. 3.)  A citation to *In re Clark* signifies that a petition has been denied as untimely.  *See Lakey v. Hickman,* 633 F.3d 782, 785–86 (9th Cir. 2011).  And an untimely petition is not a "properly filed" petition for purposes of tolling under § 2244(d)(2).  "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (alteration in original).

1    Accordingly, statutory tolling does not make the instant Petition timely.

2    **C.    <u>Petitioner Is Not Entitled To Equitable Tolling</u>**

3    AEDPA's limitations period also may be tolled whenever equitably required.
4    *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011).  In order to show an entitlement
5    to equitable tolling, a petitioner has the burden of establishing: (1) that he diligently
6    pursued his rights; (2) that extraordinary circumstances beyond his control made it
7    impossible to timely file his petition; and (3) that those extraordinary circumstances
8    caused his untimeliness.  *Pace*, 544 U.S. at 418; *Rudin v. Myles*, 781 F.3d 1043,
9    1054-55 (9th Cir. 2015).  Petitioner must prove that an "external force" caused the
10   untimeliness—rather than his oversight, miscalculation, or negligence.  *Waldron–*
11   *Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009).  The threshold necessary
12   to trigger equitable tolling is very high, and thus, it is generally unavailable.  *Bills v.*
13   *Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010); *see also Waldron–Ramsey*, 556 F.3d at
14   1011 ("'[E]xtraordinary circumstances' necessarily suggests the doctrine's rarity.").

15   As noted above, the California Court of Appeal affirmed the trial court's
16   judgment on April 9, 2012.   On April 10, 2012, Petitioner's court-appointed
17   appellate counsel sent him a letter notifying him of the decision and informing him
18   that "[t]his concludes my representation of you in this matter."   (Pet. at 25.)
19   Counsel attached a copy of the decision to his letter.  (*Id*.)  Petitioner alleges that he
20   did not receive counsel's letter for four months, until August 2012, because the
21   letter was sent to a prison at which he stayed for only one night "on layover[,]" and
22   it took four months for his "legal mail to catch up with him."  (*Id*. at 11.)[3]  The
23   Court construes Petitioner's arguments as a claim that he is entitled to equitable
24   tolling because he lacked knowledge of the California Court of Appeal's decision.

25   _____
26   [3] To the extent that Petitioner argues that his transfers in the state prison system are
     extraordinary circumstances, this argument fails because "ordinary prison
27   conditions such as transfers between facilities do not constitute extraordinary
     circumstances."  *See Bolin v. Grounds*, 2011 WL 1692149, at *6 (C.D. Cal. Apr.
28   15, 2011) (citation omitted).

In *Ramirez v. Yates*, the Ninth Circuit stated that a prisoner's lack of knowledge that the state courts reached a "final resolution" can act as grounds for equitable tolling if the prisoner acted diligently in the matter. *Ramirez*, 571 F.3d at 997-98. In determining whether equitable tolling applies, a court considers: (1) when the petitioner received the notice; (2) whether he acted with diligence to obtain notice; and (3) whether the alleged delay caused his untimely filing and made a timely filing impossible. *Id*.[4]

The facts here are somewhat reminiscent of the facts described by the Ninth Circuit recently in *Fue v. Biter*, --- F.3d ----, 2016 WL 192000 (9th Cir. Jan. 15, 2016). Fue was convicted of armed carjacking in 2007. *Id.* at *1. The California Court of Appeal affirmed the conviction, and the California Supreme Court denied Fue's petition for review. *Id*. Fue's conviction became final for purposes of AEDPA on or about May 19, 2009. *Id.* Six months later, Fue filed a state habeas petition in the California Supreme Court. *Id.* Fourteen months after filing his state

---

[4] It is not clear that *Ramirez* applies in this case. "Final resolution" may imply that equitable tolling is not available for an appellate ruling. *Retano v. Janda,* 2013 WL 6499702, at *4 n.4 (C.D. Cal. Dec. 10, 2013) (discussing whether *Ramirez* applies because a superior court decision is "not delayed notice of the state courts' 'final resolution' of [petitioner's] case"); *Thomas v. Gonzalez,* 2010 WL 1266773, at *7 (C.D. Cal. Feb. 19, 2010) (addressing whether *Ramirez* applies because petitioner claimed "notice of the denial of an *intermediate* state court habeas petition" was not timely received). In *Ramirez,* the Ninth Circuit remanded for further consideration of the circumstances surrounding a delay in a petitioner's receipt of a superior court ruling—implying a broader applicability of the rule. *Ramirez*, 571 F.3d at 996-98; *see also Dominquez v. Brazelton*, 2014 WL 94324, at *4 (N.D. Cal. Jan. 9, 2014) (describing *Ramirez* as a case where the superior court failed to give notice of its decision). Some courts have interpreted *Ramirez* as such. *Niebla v. Janda*, 2013 WL 1688346, at *8 (C.D. Cal. Feb. 20, 2013) (applying *Ramirez* to delayed receipt of a superior court ruling, but finding petitioner failed to show that the delayed notice caused the untimely petition); *accord Walker v. Brazelton*, 2013 WL 71779, at *10–11 (E.D. Cal. Jan. 7, 2013); *Aguilera–Guerra v. Ryan*, 2012 WL 6765589, at *4–5 (D. Ariz. Dec. 7, 2012). This Court follows that interpretation here, but concludes that the facts of this case do not satisfy the *Ramirez* standard.

1   habeas petition, Fue mailed a letter to the California Supreme Court to inquire into
2   the status of his case.  *Id.*  The Clerk of the California Supreme Court responded
3   soon thereafter, informing Fue that his habeas case was no longer active, having
4   been denied on May 20, 2010.  *Id*.  Fue then filed a federal habeas petition, which
5   the district court denied as untimely.  *Id.*  On appeal, the issued presented to the
6   Ninth Circuit was "whether a prisoner who waits fourteen months before inquiring
7   into the status of his state habeas petition has acted with sufficient diligence to
8   apprise himself of the status of his pending proceedings." *Id*. at *2.

9       In its opinion, the Ninth Circuit surveyed similar cases in other circuits and
10  found that the courts in those cases generally found "that a prisoner who delayed
11  fewer than ten months before inquiring into the status of his case acted with
12  sufficient diligence[,] … [but, o]n the other hand, a prisoner who delayed sixteen
13  months and more was deemed not to have acted with sufficient diligence." *Id*.
14  (citations omitted).  Ultimately, the court found that the "district court properly
15  dismissed Fue's petition as untimely." *Id*. at *5.  In reaching that conclusion, the
16  court acknowledged that it "previously determined in *Huizar v. Carey*, 273 F.3d
17  1220, 1224 (9th Cir. 2001), that a prisoner was diligent despite" his 21-month
18  delay, i*d*. at *3-4, but distinguished *Huizar*, because there the petitioner initially
19  inquired as to his state petition after two months and sent a "'steady string of
20  correspondence' thereafter." *Id*. at *4 (citing *Huizar*, 273 F.3d at 1224).  By
21  contrast, Fue "sat on his hands and did not bother to inquire into the status of his
22  petition" for 14 months, and then sent a single inquiry—which, the Court found,
23  came "nowhere close to the diligence exercised by Huizar." *Id*. at *3-4.

24      In the instant case, approximately 21 months separate the date on which
25  Petitioner filed a notice of appeal in the California Court of Appeal, and the date on
26  which Petitioner learned that his petition for review had not been received by the
27  California Supreme Court in April 2013.  From the allegations in the Petition, it
28  seems that Petitioner, unlike the petitioner in *Huizar*, essentially "sat on his hands"

10

1   during that 21 month period.  Petitioner does not allege that he made any concerted

2   effort to maintain contact with counsel throughout the appellate process.  Instead,

3   Petitioner alleges that he filed a notice of appeal on July 15, 2011; his appeal was

4   denied on April 9, 2012; and that counsel withdrew representation in a letter dated

5   April 10, 2012, that Petitioner received four months later.  Further, Petitioner does

6   not claim that he sent a "steady string of correspondence" to the California Supreme

7   Court regarding the status of his petition for review.  Instead, Petitioner alleges that

8   he had "heard nothing on the [California] Supreme Court filing" as of April 2013—

9   so his mother called and "they stated they had no record of receiving a petition from

10  petitioner," and told her that "time had expired to file a petition for review."  (Pet.

11  at 12.)[5]  Petitioner's apparent inaction does not constitute diligence under *Fue*.

12      Further, even if the Court found that Petitioner proceeded with diligence, he

13  has failed to demonstrate that the alleged delays caused his untimely filing, or made

14  timely filing impossible.  *See Ramirez,* 571 F.3d at 997.  When Petitioner received

15  notice in mid-August 2012 of the California Court of Appeal's decision affirming

16  his conviction, approximately *nine months* remained in the AEDPA limitations

17  period.  Yet Petitioner waited approximately 11 months, until July 2013, to file his

18  first state habeas petition, and 31 months to file the instant federal habeas petition.

19      In his opposition, Petitioner raises a new argument.  Specifically, Petitioner

20  asserts that he should be entitled to equitable tolling because he engaged the

21  services of a private company that had been recommended to him—Criminal

22  Investigation Services, Inc. ("CIS")—to prepare his federal habeas petition, and

23

24  [5] While Petitioner's version of events varies slightly in his Petition, the thrust of his
25  claim remains that he did not learn until April 2013 that the California Supreme
    Court had no record of receiving his petition for review.  (*See* Pet. at 15) (stating
26  that Petitioner's mother began calling the California Supreme Court in January
27  2013 and, "after several more tries (4)[,] a clerk finally searched and said they
    never received a filing from petitioner, and that the time for filing for review had
28  expired, it was April 2013.")

1   CIS did not timely prepare said federal habeas petition.  (*See* Opposition ("Opp.")
2   at 12-27.)  Petitioner has attached letters to the Opposition that he claims were sent
3   by him to CIS, and to him by CIS.  (*See* Opp., Exs. A-B.)  The letters appear to
4   show that Petitioner sent his "legal documents" to CIS in December 2013, and
5   subsequently sent two follow-up letters inquiring about the status of his petition.
6   One year later, Petitioner determined that CIS was "stringing [him] along" and, on
7   December 20, 2014, demanded that they return his legal documents.

8       A complete lack of access to legal files may be grounds for equitable tolling
9   in certain circumstances.  *See Arriaga v. Gonzales*, 2014 WL 5661023, at *11 (C.D.
10  Cal. Oct. 31, 2014).  *But see Chaffer*, 592 F.3d at 1049 (while denial of access to
11  legal documents may be an impediment for which equitable tolling may be granted,
12  petitioner's allegations were insufficient because he entrusted an inmate law clerk
13  with his legal files "at his peril") (citation omitted).  Here, however, the Court need
14  not consider whether equitable tolling is warranted for the time period during which
15  CIS possessed Petitioner's legal files because, as noted above, AEDPA's statute of
16  limitations had already expired when he sent CIS those files in December 2013.

17      Accordingly, Petitioner is not entitled to equitable tolling.

18      **D.    Petitioner Has Not Made A Credible Actual Innocence Claim**

19      A petitioner may qualify for an equitable exception to AEDPA's limitations
20  period by proving actual innocence.  *McQuiggin v. Perkins*, --- U.S. ----, 133 S. Ct.
21  1924, 1928, 185 L. Ed. 2d 1019 (2013).  But the actual innocence exception has an
22  extremely high threshold requirement which is seldom met.  *Id.*  To be credible, an
23  actual innocence claim must support his allegations "with new reliable evidence—
24  whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or
25  critical physical evidence—that was not presented at trial."  *Schlup v. Delo*, 513
26  U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1994).  "'[A] petitioner does not
27  meet the threshold requirement unless he persuades the district court that, in light of
28  the new evidence, no juror, acting reasonably, would have voted to find him guilty

beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928 (alteration in original) (citation omitted). "[A] district court is not bound by the rules of admissibility that would govern at trial." *Schlup*, 513 U.S. at 327. A district court considers "'all the evidence, old and new, incriminating and exculpatory,' admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (alteration in original) (quoting *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).

   "Arguably, because [P]etitioner pled guilty, the 'actual innocence' gateway should not be available to [him]." *Cox v. Howton*, 2012 WL 3241977, at *3 (D. Or. July 9, 2012) (citing *Smith v. Baldwin,* 510 F.3d 1127, 1140 n.9 (9th Cir. 2007)); *Landi v. Spearman*, 2014 WL 595777, at *3 (N.D. Cal. Feb. 14, 2014) ("The Ninth Circuit … did not determine whether the *Schlup* actual innocence gateway always applies to petitioners who plead guilty or no contest. Therefore, this Court declines to assume that the actual innocence gateway is available to Petitioner …, whose conviction rests on a no contest plea. Instead, Petitioner may present his claims to the Ninth Circuit, which is the proper forum for resolving such claims for purposes of 28 U.S.C. § 2244(b)(3)."); *Flowers v. LaMarque*, 2005 WL 1704407, at *9 n.9 (E.D. Cal. July 14, 2005) (stating that "Petitioner pled guilty to the charged offense and does not, nor can he, assert actual innocence").

   In any event, Petitioner does not appear to have presented any new evidence of his factual innocence, or evidence showing that it is more likely than not that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. Rather, Petitioner relies on a September 16, 2008, report completed by an officer who conducted an interview of the victim and the preliminary hearing transcript, which he contends shows that it is "obvious that the supposed victim and witnesses were lying[,]" (Pet., 1-9 at 78,) and other evidence that could have been presented at trial. Such evidence does not present a viable actual innocence claim. *Lee*, 653 F.3d at 945 (Kozinski, J., concurring) (citing *Schlup*, 513 U.S. at 324-28) ("[T]o pass through the *Schlup* gateway, a petitioner must show *reliable* evidence of his

1    innocence that was not, and could not have been, presented at trial."). Indeed,

2    Petitioner's evidence is a far cry from the evidence that has satisfied *Schlup* in prior

3    cases. *See Martinez v. Clark*, 2009 WL 1788402, at *5 (C.D. Cal. June 23, 2009)

4    (in the few cases where *Schlup* has been met, "the 'new evidence' consisted of

5    credible evidence that the petitioner had a solid alibi for the time of the crime,

6    numerous exonerating eyewitness accounts of the crime, DNA evidence excluding

7    the petitioner and identifying another potential perpetrator, a credible confession by

8    a likely suspect explaining that he had framed the petitioner, and/or evidence

9    contradicting the very premise of the prosecutor's case against the petitioner").

10   Accordingly, Petitioner's actual innocence argument fails. Further, because

11   Petitioner "has failed to show what an evidentiary hearing might reveal of material

12   import on his assertion of actual innocence," *Griffin v. Johnson*, 350 F.3d 956, 966

13   (9th Cir. 2003) (quotations and citation omitted), the Court finds that an evidentiary

14   hearing is not warranted for Petitioner's actual innocence claim.

15   In sum, the instant Petition is barred by the statute of limitations.

16   **V.   OTHER PENDING MATTERS**

17   Petitioner has two filings currently pending on the case docket: (1) a Motion

18   for Preliminary Injunction and/or Protective Order filed on July 30, 2015 ("Motion

19   for Preliminary Injunction"), and (2) a Motion of Retaliation and Obstruction of

20   Petitioner and Extortion by CTF and Inmates filed on January 13, 2016 ("Motion of

21   Retaliation"). (*See* Dkt. Nos. 28, 52.) While it is difficult to ascertain exactly what

22   Petitioner is requesting in each motion, Petitioner appears to be challenging certain

23   conditions of his confinement. (*See, e.g.,* Motion for Preliminary Injunction at 2-3

24   (asking the Court to find that he "is subject to cruel and inhumane conditions" at his

25   current prison, such as being "denied nutrition and calories to maintain his health,"

26   and order him "to be protected or returned back to Donovan State Prison"), Motion

27   of Retaliation at 1 ("[T]his is to inform this Court … of the ongoing … threats [of]

28   retaliation and obstruction by C.D.C.R. wardens and C.O.S.").

"Traditionally, challenges to prison conditions have been cognizable only via § 1983 while challenges implicating the fact or duration of confinement must be brought through a habeas petition." *Docken v. Chase,* 393 F.3d 1024, 1026 (9th Cir. 2004); *see also Muhammad v. Close,* 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004) (per curiam) (habeas is the proper mechanism for a prisoner to challenge "the validity of any confinement or to particulars affecting its duration"); *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (an action under § 1983 "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody"); *Badea v. Cox,* 931 F.2d 573, 574 (9th Cir. 1991) (prisoner should challenge "legality or duration" of confinement in habeas corpus proceeding and challenge conditions of confinement in civil rights action).

In view of the foregoing, the Court finds that Petitioner's pending motions should be dismissed without prejudice to Petitioner filing a civil rights action under 42 U.S.C. § 1983 if he wishes to do so in light of the above.

## VI.   **RECOMMENDATION**

For the reasons discussed above, IT IS RECOMMENDED that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation; (2) granting Respondent's motion to dismiss; (3) directing that Judgment be entered denying the Petition and dismissing this action with prejudice; and (4) terminating all pending motions on the case docket.

DATED:  January 27, 2016

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

15

## <u>NOTICE</u>

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in Local Civil Rule 72 and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.