# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br><br>Petitioner,<br><br>v.<br><br>LACKNER, Warden,<br><br>Respondent. | **Case No. CV 15-01398 DMG (RAO)**<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

On January 27, 2016, the United States Magistrate Judge issued a Report and Recommendation, recommending that the Petition for Writ of Habeas Corpus filed by Petitioner Shawn Damon Barth ("Petitioner") be denied, and that this action be dismissed with prejudice. On April 12, 2016, Petitioner, proceeding *pro se*, filed objections to the Report and Recommendation. The Magistrate Judge's Report and Recommendation sufficiently addresses the bulk of the arguments Petitioner makes in his objections. A few of those arguments, however, warrant further discussion.

Most notably, Petitioner contends that the Magistrate Judge miscalculated a number of dates pertinent to the determination of whether he timely filed his federal habeas petition. Specifically, Petitioner argues that his conviction became final on July 8, 2012, for purposes of determining the filing deadline for his federal habeas petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA")—90

days after the California Court of Appeal affirmed his conviction—not May 9, 2012, the date the Magistrate Judge identified. (Objections to Report and Recommendation ("Objs.") at 7-8, Doc. # 65.) Moreover, Petitioner argues that the Magistrate Judge failed to apply the prisoner mailbox rule articulated in *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), to the filing of his state habeas petitions. (*Id.* at 8-9.) In particular, Petitioner argues that his Ventura County Superior Court habeas petition, filed on July 18, 2013, was submitted to prison authorities on July 1, 2013. (*Id.* at 8.) Taken together, Petitioner argues that his initial state habeas petition was filed before AEDPA's one-year statute of limitations expired and thus statutory tolling should apply. The Magistrate Judge found otherwise, and this Court agrees.

Petitioner's argument hinges on the first argument above, *i.e.*, that his conviction became final on July 8, 2012. In support of that claim, Petitioner argues as follows:

> On the date of April 9, 2012, petitioner's direct appeal had been affirmed. From this date, petitioner had a period of ninety (90) days (commonly referred to as a certiorari period) to which he could avail himself to the California Supreme Court on Petition For Review. Whether or not petitioner could, would or had filed such a petition with the Supreme Court, he was entitled to said ninety (90) days to do so.

(Objs. at 7.)

Petitioner appears to conflate two time periods. Had Petitioner timely sought direct review of his judgment of conviction with the California Supreme Court after the California Court of Appeal affirmed, AEDPA's one-year limitations period would have started running 90 days after the decision from the California Supreme Court issued, which is the period of time within which Petitioner could have petitioned for a writ of certiorari from the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("[W]hen a petitioner fails to seeks a

writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."). Petitioner did not, however, and could not have appealed the decision of the California Court of Appeal directly to the United States Supreme Court because the latter court only reviews "judgments of a 'state court of last resort' or of a lower state court if the 'state court of last resort' has denied discretionary review." *Gonzales v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 656, 181 L. Ed. 2d 619 (2012).

When, as here, "a state prisoner … does not seek review in a State's highest court, the judgment becomes 'final' under [28 U.S.C.] § 2244(d)(1)(A) when the time for seeking such review expires[.]" *Id.* Here, the California Court of Appeal's decision became "final" for purposes of filing a petition for review on May 9, 2012, 30 days after the California Court of Appeal's April 9, 2012, decision. *See* Cal. R. Ct. 8.264(b). The time to file a petition for review in the California Supreme Court expired 10 days later, on May 21, 2012.[1] Cal. R. Ct. 8.500(e)(1). Thus, AEDPA's statute of limitations started to run on May 21, 2012,[2] and expired one year later, on May 20, 2013. *Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005) ("Gaston's conviction became final … forty days after the dismissal by the [California] Court of Appeal.") (citing Cal. R. Ct. 24(b)(1) (renumbered Rule 8.264, effective January 1, 2007); Cal. R. Ct. 28(e)(1) (renumbered Rule 8.500, effective January 1, 2007)); *see also Waldrip v. Hall,* 548 F.3d 729, 735 (9th Cir. 2008) (since petitioner did not

---

[1] May 19, 2012, the tenth day after May 9, 2012, was a Saturday. Accordingly, May 21, 2012, was the final day for Petitioner to timely file a petition for review in the California Supreme Court. *See* Cal. Civ. Proc. Code §§ 10, 12a(a); Cal. R. Ct. 8.60(a); *Lopez v. Felker,* 536 F. Supp. 2d 1154, 1156–57 & n. 3 (C.D. Cal. 2008).

[2] The Magistrate Judge correctly noted that Petitioner's conviction became final 40 days after the California Court of Appeal affirmed on April 9, 2012, but then listed the date of finality as May 9, 2012. (*See* Report and Recommendation at 4.) For the reasons discussed herein, however, the Court deems that error to be harmless.

3

petition the California Supreme Court for review of the California Court of Appeal decision affirming his conviction, that conviction became final 40 days thereafter).

Given that the statute of limitations expired on May 20, 2013, the Court need not consider Petitioner's mailbox rule claims. Even if his Ventura County Superior Court habeas petition was deemed filed on July 1, 2013, that date is over one month after the expiration of AEDPA's limitations period. But even assuming, *arguendo*, that Petitioner did file his Ventura County Superior Court habeas petition before the limitations period expired, statutory tolling would not be available because—as the Magistrate Judge noted—it was not "properly filed." (Report and Recommendation at 7-8.) In denying his habeas petition, the Superior Court cited *In re Clark*, 5 Cal. 4th 750 (1993). (Lodg. No. 3.) The Ninth Circuit has stated that a citation to *In re Clark* signifies that a petition was denied as untimely. *Lakey v. Hickman,* 633 F.3d 782, 785–86 (9th Cir. 2011). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (alteration in original). An untimely petition is "treated as improperly filed, or as though it never existed, for purposes of section 2244(d)," and thus its "pendency … d[oes] not toll the limitations period." *Lakey,* 633 F.3d at 786 (citations omitted).

Finally, even if the Court credits as true Petitioner's claims and assumes that his Superior Court habeas petition was "properly filed," the application of statutory tolling would not make his federal habeas petition timely. Petitioner argues that his conviction became final on July 8, 2012, and that he filed his superior court habeas petition on July 1, 2013. Crediting those arguments as true, AEDPA's limitations period clock would have stopped with approximately one week remaining. Assuming further that Petitioner's California Court of Appeal and California Supreme Court habeas petitions were sufficient to toll AEDPA's statute of limitations, that tolling period would have ended once the California Supreme Court issued its February 26, 2014, denial. (*See* Objs. at 7-8; Lodg. No. 7.) Thus,

the clock would have restarted on February 27, 2014, and Petitioner would have needed to file his federal petition within one week thereof for it to have been timely. *See, e.g., Broadnax v. Clark*, 2014 WL 4259916, at *4 (C.D. Cal. Aug. 27, 2014) (statute of limitations "recommenced running" after California Supreme Court denied habeas relief); *Toyebo v. Hubard*, 2014 WL 4078641, at *2 (E.D. Cal. Aug. 15, 2014) (statute of limitations remained tolled until California Supreme Court's denial). Petitioner did not, however, file his federal habeas petition within one week of the California Supreme Court's denial. Instead, almost a full year passed between that denial and the filing of Petitioner's federal habeas case. (*See* Doc. # 1; *see also* Report and Recommendation at 1, 3.)

In light of the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, the Magistrate Judge's Report and Recommendation, and Petitioner's objections. The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that the Petition is denied and Judgment shall be entered dismissing this action with prejudice. All pending motions on the case docket shall be terminated.

DATED: September 9, 2016

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE